**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000394**
**10-MAY-2024**
**07:57 AM**
**Dkt. 69 SO**

NO. CAAP-19-0000394

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NAPUAOWAILUPE, a Hawaiʻi limited partnership,
Plaintiff-Appellee,
vs.
BLUE TILE BEACH HOUSE, LLC, a Hawaiʻi limited liability
company, Defendant-Appellant, and WILLIAM MCCORMICK and
LINDA GALLAGHER, Individually, Jointly and Severally,
Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 19-1-0367)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Blue Tile Beach House, LLC (**Blue Tile**) appeals from the District Court of the Second Circuit's (**District Court**)[1] June 4, 2019 Order Denying [Blue Tile's] Motion to Compel Arbitration Filed April 29, 2019 (**Order Denying Motion to Compel Arbitration**), in favor of Plaintiff-Appellee Napuaowailupe LP (**Napuaowailupe**).  Blue Tile also challenges the District Court's Writ of Possession, Judgment for Possession, and multiple other rulings of the District Court.

---

[1]    The Honorable Blaine J. Kobayashi presided.

Blue Tile raises four points of error on appeal, contending that: (1) the District Court lacked subject matter jurisdiction; (2) the District Court erred in entering the Order Denying Motion to Compel Arbitration; (3) the District Court erred when it denied Blue Tile's demand for a jury trial; and (4) the District Court violated Blue Tile's due process rights.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Blue Tile's points of error as follows:

It appears that the only issue properly before this court is Blue Tile's challenge of the Order Denying Motion to Compel Arbitration. Blue Tile's amended notices of appeal purport to appeal from the May 30, 2019 Judgment for Possession, May 30, 2019 Writ of Possession, and other orders entered subsequent to Blue Tile's May 20, 2019 Notice of Appeal. However, the Hawaiʻi Supreme Court has held that "'an amended notice of appeal relates back to the notice of appeal it purports to amend, it does not appeal an order, judgment, or decree entered subsequent to the notice of appeal it purports to amend.'" Enos v. Pac. Transfer & Warehouse, Inc., 80 Hawaiʻi 345, 355-56, 910 P.2d 116, 126-27 (1996) (quoting Chan v. Chan, 7 Haw. App. 122, 129, 748 P.2d 807, 811 (1987)). Therefore, this court lacks jurisdiction to review the orders, writ and judgment filed after May 20, 2019 – other than the appealed-from Order Denying Motion to Compel Arbitration.

Regarding the Order Denying Motion to Compel Arbitration, "[w]hen presented with a motion to compel arbitration, the court is limited to answering two questions:  1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement." Safeway, Inc. v. Nordic PCL Const., Inc., 130 Hawaiʻi 517, 524, 312 P.3d 1224, 1231 (App. 2013) (citation and quotation marks omitted).

Here, the first issue is undisputed.  There is an arbitration provision in the lease agreement between the parties.

Regarding the second issue, the District Court concluded that the arbitration provision does not apply to a default on the payment of rent.  On appeal, Blue Tile argues, *inter alia*, that the District Court wrongly decided the issue of the disputed rent amount due, which Blue Tile submits was subject to arbitration.  Blue Tile makes no cogent argument that the issue of summary possession for failure to pay rent was subject to arbitration.

We conclude that the District Court did not err in denying Blue Tile's motion to compel arbitration with respect to the issues of rent default, *i.e.*, non-payment of rent and possession.  However, the issue of Napuaowailupe's demand for an increase of rent, from $57,000 to $143,000, effective January 1, 2018, was subject to the arbitration provision.  The amount of rent due from and after January 1, 2018, must be determined prior to the entry of any damages for unpaid rent.  Therefore, the District Court erred to the extent that it denied Blue Tile's

motion to compel arbitration on the issue of the amount of the rents due after January 1, 2018.

For these reasons, the District Court's June 4, 2019 Order Denying Motion to Compel Arbitration is affirmed in part and vacated in part; this case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order.[2]

DATED: Honolulu, Hawaiʻi, May 10, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Paul Howard Peters,
for Defendant-Appellant.                /s/ Clyde J. Wadsworth
                                        Associate Judge
Deborah K. Wright,
Keith D. Kirschbraun,                   /s/ Sonja M.P. McCullen
Douglas R. Wright,                      Associate Judge
(Wright & Kirschbraun),
for Plaintiff-Appellee.

---

[2] It appears that the remanded issues may be moot based on an April 16, 2020 Order Dismissing Complaint (Rules of the District Court of the State of Hawaiʻi Rule 12). However, the issue of mootness is better addressed in the District Court, if necessary, and we decline to address it here.